Slip Op. 10-58

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMERICAN SIGNATURE, INC., | |
| Plaintiff, | |
| v. | Before: Leo M. Gordon, Judge |
| UNITED STATES, | Court No. 09-00400 |
| Defendant. | |

**OPINION**

[Judgment for Plaintiff.]

Dated: May 18, 2010

Mowry & Grimson, PLLC (Jeffrey S. Grimson, Kristin H. Mowry, Jill A. Cramer, Jodi B. Herman, Susan E. Lehman) for Plaintiff American Signature, Inc.

Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Stephen C. Tosini, Senior Trial Attorney); and Office of Chief Counsel for Import Administration, U.S. Department of Commerce (Thomas Beline), of counsel, for Defendant United States.

King & Spalding LLP (Joseph W. Dorn, J. Michael Taylor) for Defendant-Intervenors American Furniture Manufacturers Committee For Legal Trade and Vaughan-Bassett Furniture Company, Inc.

Gordon, Judge: This action involves a ministerial error that went undetected during an administrative review of the antidumping duty order covering wooden bedroom furniture from the People's Republic of China. The U.S. Department of Commerce ("Commerce") committed the error in its SAS margin calculation program, yielding assessment rates for certain exporters of subject merchandise that were lower

than if the SAS program had been correct. The net effect was a rather significant under-collection of antidumping duties for these exporters.

Commerce discovered the error 99 days <u>after</u> a judicial action challenging the administrative review had been voluntarily dismissed. Rather than address and interpret the statutory provision and regulation governing ministerial errors (19 U.S.C. § 1675(h); 19 C.F.R. § 351.224) to determine whether the error could be corrected at such a late date, Commerce instead characterized the error as one within its liquidation instructions, outside the purview of the final results, and thus correctable. Although most of the subject entries had already been liquidated, Commerce instructed U.S. Customs and Border Protection ("Customs") to await revised liquidation instructions for the remaining unliquidated entries. For the subject entries already liquidated, Commerce requested that Customs reliquidate them pursuant to 19 U.S.C. § 1501 in accordance with the revised liquidation instructions.

American Signature, Inc. ("ASI") then commenced this action seeking a declaratory judgment that Commerce's attempted ministerial error correction was unlawful, and a permanent injunction to enjoin Commerce and Customs from reliquidating ASI's liquidated entries, or from altering the assessment rates for ASI's remaining unliquidated entries. In addition, ASI sought a preliminary injunction to maintain the status quo while the court addressed the merits. Although this court agreed with ASI that Commerce's attempted ministerial error correction via an amendment to liquidation instructions was suspect, the court could not at that stage of the litigation conclude that Commerce could never correct the error:

> At this stage of the litigation, the court does not have before it the agency's considered interpretation of 19 U.S.C. § 1675(h) or 19 C.F.R. § 351.224 (2007). To properly apply the standard of review operating in this Administrative Procedure Act ("APA") action, . . ., the court must give the agency the opportunity to review the statute and regulations and determine whether the error can be lawfully corrected.

American Signature, Inc. v. United States, No. 09-00400, (CIT Oct. 26, 2009) (Mem. and Order Den. Stay Pend. Appeal) at 9 ("Oct. 26, 2009 Order"). The court denied Plaintiff's request for a preliminary injunction. See American Signature, Inc. v. United States, No. 09-00400, (CIT Oct. 13, 2009) (Mem. and Order Den. Prelim Inj.); American Signature, Inc. v. United States, No. 09-00400 (Oct. 26, 2009 Order).

On appeal of this court's denial of the preliminary injunction, the Federal Circuit held that Commerce's error was not in the liquidation instructions, but within the final results of the administrative review. American Signature, Inc. v. United States, 598 F.3d 816, 823-25 (Fed. Cir. 2010) ("American Signature"). On the question of whether Commerce had the authority to correct the error given the tardiness with which it was discovered, the Federal Circuit deferred to Commerce's interpretation of 19 U.S.C. § 1675(h) and 19 C.F.R. § 351.224, which the Federal Circuit received through a supplemental request. American Signature, 598 F.3d at 823, 826-27 & n. 14. The Federal Circuit held that "Commerce's sua sponte corrections must be made before the final [results of an administrative review are] no longer subject to judicial review." Id. at 827-28. Applying this standard to the facts of this case, the Federal Circuit concluded that because Commerce did not correct the error before the time for judicial review had expired, "the error cannot now be corrected" and that ASI demonstrated a "certainty of success." Id. at 828. The Federal Circuit, in turn, reversed this court's denial of ASI's

motion for a preliminary injunction and directed this court to grant ASI's "preliminary injunction prohibiting Customs or Commerce from taking any action to liquidate or reliquidate ASI's import entries that are the subject of this action, and for further proceedings consistent with this opinion." Id. at 830.

As ASI's success in this action is now certain, entry of a preliminary injunction is unnecessary because the merits have been resolved. A pending cross-claim by the American Furniture Manufacturers Committee for Legal Trade and Vaughan-Basset Furniture Company, Inc. (the "domestic producers") seeking an affirmative injunction to direct Commerce to correct the error must fail because, as noted, the error cannot be corrected as a matter of law. Id. at 828.

Judgment will be entered accordingly.


                                              /s/ Leo M. Gordon
                                             Judge Leo M. Gordon



Dated: May 18, 2010
         New York, New York