Slip Op. 10-65

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NAJARIAN FURNITURE CO., INC., | |
| Plaintiff, | Before: Leo M. Gordon, Judge |
| v. | Court No. 09-00428 |
| UNITED STATES, | |
| Defendant. | |

## OPINION

[Judgment for Plaintiff.]

Dated: June 2, 2010

Arent Fox LLP (Nancy A. Noonan, Diana Dimitriuc-Quaia) for Plaintiff Najarian Furniture Co., Inc.

Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Stephen C. Tosini, Trial Attorney); and Office of Chief Counsel for Import Administration, U.S. Department of Commerce (Thomas Beline, William G. Isasi), and Office of Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, U.S. Department of Homeland Security (Edward N. Maurer), of counsel, for Defendant United States.

King & Spalding LLP (Joseph W. Dorn, J. Michael Taylor, Jeffrey M. Telep, Steven R. Keener) for Defendant-Intervenors American Furniture Manufacturers Committee for Legal Trade and Vaughan-Bassett Furniture Company, Inc.

Gordon, Judge: This case involves the final results of an administrative review of the antidumping duty order covering Wooden Bedroom Furniture from the People's Republic of China: Wooden Bedroom Furniture from the People's Republic of China, 74 Fed. Reg. 13,417 (Dep't of Commerce Mar. 27, 2009) (second amended final results admin. review) ("Second Amended Final Results"). 99 days after a judicial action challenging the Second Amended Final Results had been voluntarily dismissed, the

U.S. Department of Commerce tried to correct, through an amendment to liquidation instructions, a ministerial error that went undetected during the administrative review.

In a separate action involving another interested party to the Second Amended Final Results, the U.S. Court of Appeals for the Federal Circuit held that Commerce's error was not in the liquidation instructions, but within the final results of the administrative review. American Signature, Inc. v. United States, 598 F.3d 816, 823-25 (Fed. Cir. 2010) ("American Signature"). The Federal Circuit explained that "Commerce's sua sponte corrections must be made before the final [results of an administrative review are] no longer subject to judicial review," id. at 827-28, and concluded that because Commerce did not correct the error before the time for judicial review had expired, "the error cannot now be corrected." Id. at 828.

The Court of International Trade then entered judgment for the plaintiff in American Signature, ordering that its entries of subject merchandise be liquidated (or reliquidated) in accordance with the Second Amended Final Results (and not the revised liquidation instructions through which Commerce attempted to correct its ministerial error). American Signature, Inc. v. United States. 34 CIT ___, Slip Op 10-58 (May 18, 2010).

The Plaintiff in this action, being similarly situated to the plaintiff in American Signature, is entitled to the same relief. Judgment will be entered accordingly.

                                                        _____/s/ Leo M. Gordon_____
                                                        Judge Leo M. Gordon

Dated: June 2, 2010
       New York, New York